ELECTRONIC CITATION:  2014 FED App. 0002P (6th Cir.)
File Name:  14b0002p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:   JASON E. ANDERSON;      ERICA L. ANDERSON,<br><br>          Debtors.<br>_____<br><br>RUTH A. SLONE, CHAPTER 7 TRUSTEE,<br><br>          Plaintiff - Appellee,<br><br>          v.<br><br>JASON E. ANDERSON, et al.,<br><br>          Defendants - Appellants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 13-8047

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Dayton.
Case No. 10-30064; Adv. No. 10-3361.

Decided and Filed: May 15, 2014

Before: EMERSON, HARRISON, and LLOYD, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:** Tyler W. Kahler, LAW OFFICE OF JOSEPH C. LUCAS, LLC, Canton, Ohio, for Appellants.  Harry B. Zornow, Hamilton, Ohio, for Appellees.

---

## OPINION

---

GEORGE W. EMERSON, JR., Bankruptcy Appellate Panel Judge. The issue before the Panel on appeal is whether the bankruptcy court erred in avoiding the transfer of $74,102.60 to 1st National Cash Refund pursuant to 11 U.S.C. § 549 and ordering recovery of transferred property from 1st National Cash Refund and Carl Woodford pursuant to 11 U.S.C. § 550. After reviewing the record, the parties' briefs, and applicable law, the Panel concludes that the bankruptcy court did not abuse its discretion in determining that the statutes of limitation found in 11 U.S.C. § 549 and 11 U.S.C. § 550 were equitably tolled and that the bankruptcy court properly found that the trustee had power to avoid and recover the transferred property. Accordingly, for the reasons stated in the bankruptcy court's thorough and well-reasoned opinion entered on September 9, 2013, *Ruth A. Slone v. Jason E. Anderson, et al., (In re Anderson)*, Ch. 7 Case No. 10-30064, Adv. No. 10-3361 (Bankr. S.D. Ohio 2013) ECF No. 97, we affirm.